Bichaedson, Oh. J.,
delivered the opinion of the court:
The jparties filed the following stipulation May 29,1893:
“It is hereby stipulated and agreed on the part of the claimant in the above-entitled cause, by John Wharton Clark, attorney of record, and on the part of the Government by L. W. Colby, Assistant Attorney-General, in charge of Indian depredation cases, that the following facts are shown by the *363 original papers, evidence, records, and reports from tbe Government Departments on file in the office of the clerk of said court:
“1. That William Cox, the original claimant, was at the time of the commission of the depredations complained of a citizen of the United States.
“2. That on the-day of July, 1878, at or near Boesley Hill, Umatilla County, Oregon, certain Indians belonging to the said Bannock tribe, band, or nation took or destroyed property belonging to the said original claimant without just cause or provocation on the part of the owner or agent in charge, and that the same has not been returned or paid for, and was at the said time and place of the value of $1,306.50.
“ 3. That the said Bannock tribe, band, or nation of Indians were at war with the United States at the time of the commission of said depredations, but were in treaty relations with the United States.
“ 4. That on the 9th day of February, 1891, a claim for said property so taken or destroyed was examined, approved, and allowed by the Secretary of the Interior, or under his direction, in pursuance of the act of Congress making appropriations for the current and contingent expenses of the Indian department, and for fulfilling treaty stipulations with various Indian tribes for the year ending June 30, 1886, and for other purposes, approved March 3, 1885, and subsequent Indian appropriation acts, in the sum of $722.50 in favor of said William Cox, and thereafter reported with such allowance to Congress by Executive Document No. 277, of the second session of the Fifty-first Congress of the United States as Claim No. 3228.
‘ ‘ 6. That neither the said claimant nor the United States elects to reopen said case and try the same before the court, provided the foregoing facts entitle claimant to judgment under the act of March 3, 1893; but the claimant is willing to accept said allowance in full satisfaction and settlement of said claim, and asks to have judgment rendered therefor by said court under the act of Congress approved March 3,1891, entitled ‘An act to provide for the adjudication and payment of claims arising from Indian depredations.’
“JohN Wharton Olaric,

“Attorney for Claimant.

“1. W. Colby,

“Assistant Attorney-OeneraV’

This claim having been examined, approved, and allowed by the Secretary ofjihe Interior, in pursuance of the act of Congress of March 37 1885, is entitled to priority of consideration and to judgment for the amount therein found due, unless *364 either the claimant or the United States elects to reopen the Case and try the same before the court according to the terms of the last two provisos of the Jurisdictional Act March 3, 1891, chapter 913, section 4 (1 Supp. Rev. Stat., 2d ed., p. 915), as follows:
“Provided, That all unpaid claims which have heretofore been examined, approved, and allowed by the Secretary of the Interior, or under his direction, in pursuance of the act of Congress making appropriations for the current and contingent expenses of the Indian department, and for fulfilling treaty stipulations with various Indian tribes for the year ending June thirtieth, eighteen hundred and eighty-six, and for other purposes, approved March third, eighteen hundred and eighty-five, and subsequent Indian appropriation acts, shall have priority'of consideration by such court,
‘‘And judgments for the amounts therein found due shall be rendered, unless either the claimant or the United States shall elect to reopen the case and try the same before the court, in which event the testimony in the case given by the witnesses and the documentary evidence, including reports of department agents therein, may be read as depositions and proofs:
“Provided, That the party electing to reopen the case shall assume the burden of proof.”
By the stiimlation of the parties the claimant has specifically elected not to reopen the case, and as to the defendants, according to our interpretation, 'they do elect to reopen the same, and to submit it upon the single fact admitted by the claimant, that the defendant Bannack tribe, band, or nation of Indians was at war with the United States at the time of the commission of the depredation, but were in treaty relations with the United States.
It is contended on the part of the defendants that such war is conclusive proof that the tribe, band, or nation was not in amity with the United States, and by reason thereof the court is without jurisdiction of the case within the terms of the Indian depredation act, which provides:
“Be it enacted, etc., That in addition to the jurisdiction which now is or may hereafter be conferred upon the Court of Claims, said court shall have and possess jurisdiction and authority to inquire into and finally adjudicate, in the manner provided in this act, all claims of the following classes, namely:
“First. All claims for property of citizens of the United States taken or destroyed by Indians belonging to any band, tribe, or nation in amity with the United States, without just *365 cause or provocation on tbe part of tlie owner or agent in charge, and not returned or paid for.-
“Second. Such jurisdiction shall also extend to all cases which have been examined and allowed by the Interior Department.
“And also to such cases as were authorized to be examined under the act of Congress making appropriations for the current and contingent expenses of the Indian department, and for fulfilling treaty stipulations with various Indian tribes for the year ending June thirtieth, eighteen hundred and eighty-six, and for other purposes, approved March third, eighteen hundred and eighty-five, and under subsequent acts, subject, however, to the limitations hereinafter provided.”
In two cases we have already held that want of amity is a good defense. (Marks Case, 28 C. Cls. B., 147; Valks Case, 29 C. Cls. R., 62.)
Besides other grounds fully stated in the opinion in the Marks case we saidin the Valk case, “War supersedes treaties of peace and friendship and makes the subjects of contending sovereigns enemies at law. Such sovereignties can not be recognized as in amity with each other whatever may have previously been agreed upon.”
Those decisions were in cases not examined, approved, and allowed by the Secretary of the Interior under the act of 1885, and the claimant’s counsel, contends that the same rule does not apply to cases so examined, approved, and allowed. We are unable to see any distinction. The defendants have a right to reopen cases, and there is nothing in the statute which prevents them from setting up any defenses when opened which they might avail themselves of in cases not examined and allowed.
Proof of citizenship, the depredation, the value of the property destroyed, amity of the tribe, band, or nation, and other facts necessary to be proved are alike as necessary in one class of cases as in the other, the only difference being that the party reopening assumes the burden of proof. In no other particular is there any difference in the proof required.
It is argued that because the jurisdiction of the Secretary of the Interior in allowing claims for Indian depredations under the act of 1885 and previous acts was not limited to cases in which the Indians were in amity with the United States, and because as the jurisdiction of this court over cases allowed by the Secretary is conferred by the second clause of *366 section 1 of tbe Indian Depredation Act of 1891, in order to admit tbe defeüse of tbe want of amity we must bring down tbe words of tbe first into tbe second clause.
It seems a more reasonable construction that when tbe defendants elected to reopen tbe case, tbe allowance by tbe Secretary of tbe Interior and all tbe proceedings by the Interior Department were set aside and tbe claim was no longer to be regarded as one examined and allowed by tbe Secretary of tbe Interior. It then became one of tbe class named in tbe first clause and subject to all tbe terms of that clause, among others to tbe citizenship of claimants and amity of tbe tribe, band, or nation of Indians committing tbe depredations. We can not bold that it was not one of tbe objects of Congress in allowing tbe defendants to reopen cases to give them an opportunity to make such defenses as could not have been made in tbe Interior Department.
Tbe judgment of the court is that tbe petition should be dismissed. In this we all concur, although tbe result is reached by different reasoning.